IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


UNITED STATES OF AMERICA,                    10-CR-73-BR

          Plaintiff,

                                             OPINION AND ORDER
     v.

ANSELMO SANCHEZ-SANCHEZ,

          Defendant.


**DWIGHT C. HOLTON**
United States Attorney
**RYAN W. BOUNDS**
Assistant United States Attorney
1000 S.W. Third Ave., Ste 600
Portland, OR 97204
(503) 727-1000

          Attorneys for Plaintiff

**STEVEN T. WAX**
Federal Public Defender
**ALISON M. CLARK**
Assistant Federal Defender
101 S.W. Main Street
Suite 1700
Portland, OR  97201
(503) 326-2123

          Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on the Motion (#27) to Dismiss Indictment of Defendant Anselmo Sanchez-Sanchez.  For the reasons that follow, the Court **GRANTS** Defendant's Motion.

## BACKGROUND

In 1996 in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104-208, 110 Stat. 3009-546 (IIRIRA), Congress amended the definition of "aggravated felony" in the Immigration Nationality Act (INA) to include "murder, rape, or sexual abuse of a minor."  8 U.S.C. § 1101(a)(43)(A).  Congress, however, did not define those terms in the INA or incorporate definitions for those terms from other federal laws.

On July 29, 2002, a Washington County grand jury charged Defendant with one count of Rape in the Second Degree in violation of Oregon Revised Statute § 163.365 and two counts of Rape in the Third Degree in violation of Oregon Revised Statute § 163.355.  On September 16, 2002, Defendant pled guilty to the lesser-included offense of Rape in the Third Degree as to the first count of the Indictment and guilty to the second and third counts of Rape in the Third Degree as charged.

After Defendant's state conviction and sentence, the

Immigration and Nationalization Service (INS)[1] placed him in expedited administrative removal proceedings under 8 U.S.C. § 1228(b), which at that time authorized the Attorney General to order the removal of any alien convicted of an aggravated felony without a hearing before an immigration judge (IJ).

On March 3, 2002, the INS issued a notice to Defendant that he was deportable because he had not been lawfully admitted for permanent residence and had been convicted of Rape in the Second Degree, an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(A).[2]

On July 3, 2003, an INS Deputy Field Office Director ordered Defendant to be deported. On July 8, 2003, Defendant was removed without a hearing before an IJ.

At some point Defendant reentered the United States. On August 12, 2009, immigration officials found him in Deschutes County, Oregon, where he was detained on charges of Assault in the Fourth Degree and Theft in the Third Degree.

On May 3, 2010, a grand jury indicted Defendant with one

---

[1] In March 2003 the INS ceased to exist as an independent agency and delegate of the Attorney General when its functions, including removal, were transferred to the United States Citizenship and Immigration Service (USCIS), an agency within the Department of Homeland Security (DHS). *See Bellajaro v. Schiltgen*, 378 F.3d 1042, 1043 n.1 (9th Cir. 2004).

[2] The government concedes the March 3, 2002, Notice incorrectly set out that Defendant was convicted of Rape in the Second Degree rather that Rape in the Third Degree.

3 - OPINION AND ORDER

count of Illegal Reentry by Deported Alien in violation of 8
U.S.C. § 1326(a), one count of misdemeanor Illegal Entry by
Eluding Examination and Inspection in violation of 8 U.S.C.
§ 1325(a), and one count of felony Illegal Entry by Eluding
Examination and Inspection in violation of 8 U.S.C. § 1325(a).

On September 27, 2010, Defendant filed a Motion to Dismiss
Indictment.

## DISCUSSION

### I.  Illegal Reentry by Deported Alien in violation of 8 U.S.C. § 1326(a)

#### A.  Standards

The Supreme Court has held a Defendant prosecuted under
8 U.S.C. § 1326 may collaterally attack the administrative
proceedings underlying his predicate removal as fundamentally
unfair pursuant to the Due Process Clause of the Fifth Amendment.
*United States v. Mendoza-Lopez*, 481 U.S. 828, 837-38 (1987).  "A
defendant charged with illegal reentry under 8 U.S.C. § 1326 has
a Fifth Amendment right to collaterally attack his removal order
because the removal order serves as a predicate element of his
conviction."  *United States v. Ubaldo-Figueroa*, 364 F.3d 1042,
1047-48 (9th Cir. 2004)(citation omitted).

> To sustain a collateral attack under § 1326(d), a
> defendant must . . . demonstrate (1) that he
> exhausted all administrative remedies available to
> him to appeal his removal order, (2) that the

> underlying removal proceedings at which the order
> was issued improperly deprived him of the
> opportunity for judicial review, and (3) that the
> entry of the order was fundamentally unfair.  8
> U.S.C. § 1326(d).

*Id.*

An alien may not collaterally attack his underlying
removal order under 8 U.S.C. § 1326(d) "'if he validly waived the
right to appeal that order during the deportation proceedings.'"
*Id.* (quoting *United States v. Muro-Inclan*, 249 F.3d 1180, 1182
(9th Cir. 2001)).  A waiver of the right to appeal a removal
order, however, "cannot bar collateral review of a deportation
proceeding when the waiver of right to an administrative appeal
did not comport with due process." *Muro-Inclan*, 249 F.3d at
1183-84.  A waiver of the right to appeal a removal order does
not comport with due process when it is not "considered and
intelligent." *Id.*

"An underlying removal order is fundamentally unfair
if:  (1) [an alien's] due process rights were violated by defects
in the underlying deportation proceeding, and (2) he suffered
prejudice as a result of the defects." *Ubaldo-Figueroa*, 364 F.3d
at 1048. *See also United States v. Arias-Ordonez*, 597 F.3d 972,
976-77 (9th Cir. 2010)(same).

**B.    The parties' contentions**

Defendant asserts his waiver agreeing to the expedited
administrative removal proceedings was not sufficiently

"considered and intelligent" because it was improperly based on a conviction for Rape in the Second Degree rather than Rape in the Third Degree, and, therefore, exhaustion is not an issue.  For purposes of this Motion, the government does not dispute that Defendant's exhaustion of his administrative remedies is not an issue.

Defendant further contends the Court should dismiss count one of the Indictment for Illegal Reentry by Deported Alien in violation of 8 U.S.C. § 1326(a) because his underlying removal order was fundamentally unfair.  Specifically, Defendant asserts his due-process rights were violated when the INS deprived him of his right to a hearing before an IJ based on INS's incorrect notice that Defendant had been convicted of Rape in the Second Degree.

Defendant contends Rape in the Third Degree is not an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43), and, therefore, the government erred when it used the expedited procedures of § 1228(b) in violation of Defendant's due-process rights.  Defendant relies on *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008), to support his assertion that Rape in the Third Degree does not constitute an aggravated felony under § 1101(a)(43).

The government does not dispute (1) the INS applied the expedited removal proceedings provided for in 8 U.S.C.

6 - OPINION AND ORDER

§ 1228(b) to Defendant; (2) the expedited removal proceedings of § 1228(b) are available only when an alien has been deemed to be statutorily ineligible for any discretionary relief from removal pursuant to 8 U.S.C. § 1228(b)(5); and (3) an alien is deemed to be statutorily ineligible under § 1228(b) for any discretionary relief from removal and subject to expedited removal when the INS has sufficient evidence that the alien has been convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43). *See* 8 U.S.C. § 1227(a)(2)(A)(iii).

In *Estrada-Espinoza* the Ninth Circuit defined for the first time the term "sexual abuse of a minor" for purposes of § 1101(a)(43) to implicitly incorporate the substantive criminal definition of statutory rape codified at 18 U.S.C. § 2243. 546 F.3d at 1152. Thus, the Ninth Circuit specifically overturned its prior decisions, including *Afridi v. Gonzales*, 442 F.3d 1212 (9th Cir. 2006), in which it had rejected "any suggestion that the federal sexual abuse laws . . . limit the class of state laws reached by the term" sexual abuse of a minor and adopted the Board of Immigration Appeals' (BIA) broad definition of sexual abuse of a minor. *Id*. at 1160.

Defendant contends under current law in this Circuit that Rape in the Third Degree in Oregon would not meet the definition of an aggravated felony as set out in *Estrada-Espinoza*, and, therefore, Defendant's conviction for Rape in the

7 - OPINION AND ORDER

Third Degree was not a lawful basis for the INS to apply the expedited procedures of § 1228(b) to Defendant. According to Defendant, therefore, the immigration proceeding violated his right to due process and he suffered prejudice as defined by the Ninth Circuit, which has held a defendant "clearly suffer[s] prejudice" when he is found to be removable as an aggravated felon but his "prior conviction did not fit that definition." *United States v. Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006). Thus, Defendant asserts his removal proceeding was fundamentally unfair, and the Court should dismiss Count One of the Indictment. *See Ubaldo-Figueroa*, 364 F.3d at 1048.

       In addition, Defendant points out that the Ninth Circuit in *Estrada-Espinoza* altered its previous interpretation of the definition of "aggravated felony." Defendant contends when a court reinterprets a statute, the reinterpretation is retrospective as well as prospective. According to Defendant, therefore, the definition of "aggravated felony" set out in *Estrada-Espinoza* is the proper definition of that term retrospectively as well as prospectively, and, therefore, Defendant had plausible grounds for relief at the time of his deportation in 2003.

       The government concedes under Ninth Circuit law post-*Estrada-Espinoza*, Rape in the Third Degree is not an aggravated felony under § 1101(a)(43), and, therefore, Defendant would not

8 - OPINION AND ORDER

have been subject to the expedited process of § 1228(b) if he had been convicted of Rape in the Third Degree after 2008. Nevertheless, the government contends in order to establish that Defendant was prejudiced by the INS's erroneous reliance on a conviction for Rape in the Second Degree, Defendant must show he had plausible grounds for relief at the time he was removed rather than plausible grounds for relief today. *See United States v. Muro-Inclan*, 249 F.3d 1180, 1185)(9th Cir. 2001)("To demonstrate prejudice, Appellant must show that there was a 'plausible' ground for relief from deportation if he had sought such relief at the time of his underlying deportation proceedings."). According to the government, Defendant did not have plausible grounds for relief at the time he was removed in 2003 because at that time the Ninth Circuit defined aggravated felony as set out in *Afridi v. Gonzales*, 442 F.3d 1212, 1215 (9th Cir. 2006), and Rape in the Third Degree would have been an aggravated felony under that definition.  The government contends, therefore, that Defendant may not rely on the current definition of "aggravated felony" to establish that he was prejudiced by the INS's error in 2003.

**C.   Analysis**

"The principle that statutes operate only prospectively, while judicial decisions operate retrospectively, is familiar to every law student." *United States v. Sec. Indus.*

*Bank*, 459 U.S. 70, 79 (1982).  The judicial construction of a statute is the authoritative statement of what the statute means and has always meant.  *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312-13 (1994).  *See also Morales-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076, 1089 n.12 (9th Cir. 2010)(when a court overrules a prior interpretation of an ambiguous statute, "it is declared, not that such a sentence was *bad law*; but that it was *not law*; that is, that it is not the established custom of the realm, as has been erroneously determined" because "a statute can only have one meaning."  Emphasis in original.).  Accordingly, "new judicial decisions interpreting old statutes have long been applied retroactively to all cases open on direct review, 'regardless of whether . . . events predate or postdate' the statute-interpreting decision."  *Morales-Izquierdo*, 600 F.3d at 1090 (quoting *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993)).

> [W]ithin our system of government, the Constitution vests Congress with the power to prescribe statutes that the judicial branch lacks the power to amend.  It is a corollary of that principle that when a court interprets a statute, even an ambiguous one, and even when that interpretation conflicts with the court's own prior interpretation, the new interpretation is treated as the statute's one-and-only meaning.

*Id.* at 1090.

Defendant notes the government's argument as to the nonretrospective effect of cases overruling prior interpretations

10 - OPINION AND ORDER

of statutory language has been rejected in a number of Ninth
Circuit cases in other immigration contexts.

For example, in *United States v. Ubaldo-Figueroa,* the
defendant became a legal permanent resident (LPR) of the United
States in 1992.  364 F.3d 1042 (9th Cir. 2004).  In 1993 the
defendant pled guilty to one count of attempted first-degree
burglary in violation of California Penal Code §§ 459 and 664 and
was sentenced to three months home confinement and three years
probation.  *Id.* at 1046.  Under the law in effect in 1993, the
defendant's conviction did not render him deportable and a
burglary was not an aggravated felony unless the term of
imprisonment was at least five years.  In 1996 IIRIRA broadened
the definition of "aggravated felony" in § 1101(a)(43) to include
burglary offenses for which a term of at least one-year
imprisonment was imposed.  In 1998 the INS initiated removal
proceedings against the defendant on the basis of his 1993
burglary conviction.  An IJ conducted a hearing and concluded the
defendant was not eligible for relief from deportation under any
criteria (including § 212 of the INA), and the defendant was
deported.  The defendant reentered the country.  On July 12,
2000, a grand jury indicted him for violation of 8 U.S.C. § 1326.
*Id.* at 1047.  The defendant moved to dismiss the indictment on
the ground that his 1998 removal order violated his due-process
rights because, among other things, the IJ failed to inform him

11 - OPINION AND ORDER

of his possible eligibility for relief from deportation under
§ 212 and that he was eligible for relief from removal under
§ 212(c).

The Ninth Circuit reversed the defendant's conviction
for violation of § 1326 and concluded his 1998 deportation order
could not be the basis for a conviction under § 1326 because the
underlying removal proceedings were "fundamentally unfair." *Id.*
at 1051. The Ninth Circuit reasoned:

> To establish prejudice, Ubaldo-Figueroa does not
> have to show that he actually would have been
> granted relief. Instead, he must only show that
> he had a "plausible" ground for relief from
> deportation. *Arrieta*, 224 F.3d at 1079. The
> district court ruled that Ubaldo-Figueroa was not
> prejudiced by the flaws in his underlying removal
> proceeding because he had no viable claims to
> raise on appeal from the removal order. We
> disagree. As discussed below, Ubaldo-Figueroa had
> at least one plausible legal challenge to his
> removal order that he could have pursued had he
> known that he had the right to appeal.
>
> Ubaldo-Figueroa argues that he was eligible for
> relief from removal under former INA § 212(c) –
> even though Congress eliminated § 212(c) relief
> before Ubaldo-Figueroa was put into removal
> proceedings. Ubaldo-Figueroa relies on *INS v. St.
> Cyr*, 533 U.S. 289, 295, 121 S. Ct. 2271, 150 L.
> Ed.2d 347 (2001), in which the Court held that
> repeal of § 212(c) relief did not retroactively
> apply to immigrants who were ordered deported
> based on convictions that pre-dated the repeal of
> § 212(c). The government argues that Ubaldo-
> Figueroa was not eligible for § 212(c) relief when
> he pled guilty because the offense to which he
> pled was not then classified as an aggravated
> felony. We rejected this argument in *United
> States v. Leon-Paz*, 340 F.3d 1003 (9th Cir.2003).
> In *Leon-Paz*, we held that aliens like Ubaldo-
> Figueroa are entitled to § 212(c) relief even

12 - OPINION AND ORDER

> though they were not eligible for such relief when
> they pled guilty to their crimes - crimes which
> were later reclassified as aggravated felonies
> pursuant to IIRIRA § 321.  Thus, under *Leon-Paz*,
> Ubaldo-Figueroa is eligible for § 212(c) relief.

*Id.* at 1050 (emphasis added).

Similarly, the petitioner in *Morales-Izquierdo* asked
the Ninth Circuit to apply the judicial interpretation of § 212
of the INA in effect in 2001 when he could have filed a Form I-212 waiver rather than the law in effect when he filed his
petition for writ of habeas corpus.  At the time of the
petitioner's action for writ of habeas corpus, the Ninth
Circuit's interpretation of the relevant statute provided even if
an I-212 waiver was granted, it would not cure the
inadmissibility of an alien like the petitioner who reentered the
United States without inspection after a prior removal.  600 F.3d
at 1086 (citing *Gonzales v. DHS,* 508 F.3d 1227, 1242 (9th Cir.
2007)).  The petitioner conceded he could not cure the deficiency
in his adjustment-of-status application if the Ninth Circuit's
current interpretation of § 212 as set out in *Gonzales* applied to
him.  Nevertheless, the petitioner asserted

> *Gonzales* - decided six years after Morales filed
> his first adjustment-of-status application and
> four years after his second - cannot be applied
> retroactively to make him ineligible for a waiver
> of inadmissibility.  He argues that under the law
> that was established in our circuit prior to
> *Gonzales*, a Form I-212 waiver could cure his
> inadmissibility, that he was eligible for such a
> waiver, and that our prior law should apply to
> him.

*Id.* . The Ninth Circuit rejected the petitioner's argument on the ground that

> "[a] judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction." *Rivers v. Roadway Express, Inc.,* 511 U.S. 298, 312-13, 114 S. Ct. 1510, 128 L. Ed.2d 274 (1994). This results from the time-honored principle that when a court construes a statute, "it is explaining its understanding of what the statute has meant continuously since the date when it became law." *Id.* at 313 n.12, 114 S. Ct. 1510; *see also United States v. City of Tacoma,* 332 F.3d 574, 580 (9th Cir. 2003)("The theory of a judicial interpretation of a statute is that the interpretation gives the meaning of the statute from its inception, and does not merely give an interpretation to be used from the date of the decision."). Thus, when a court applies a statute to the parties before it, "that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the] announcement of the rule." *Harper v. Va. Dep't of Taxation,* 509 U.S. 86, 97, 113 S. Ct. 2510, 125 L. Ed.2d 74 (1993). *Gonzales* interprets 8 U.S.C. § 1182(a)(9)(c) to render aliens who have reentered the country illegally after a prior order of removal ineligible for a *nunc pro tunc* Form I-212 waiver of inadmissibility before expiration of the ten-year bar. We hold that *Gonzales* bars Morales's claim.

*Id.* at 1087-88.

In *United States v. Cervantes-Gonzales,* the defendant was found to be deportable by an IJ in 1998 on the basis of his conviction for second degree burglary in violation of California Penal Code § 459. 238 F. App'x 278 (9th Cir. 2007). The IJ found the defendant was not eligible for any relief from removal,

14 - OPINION AND ORDER

and the defendant was deported.  The defendant reentered the
country.  In 2004 the defendant was indicted for violating
§ 1326.  The defendant moved to dismiss the indictment on the
ground that his underlying deportation was invalid because the IJ
should have informed him that he could seek cancellation of
removal under INA § 240A on the ground that the defendant's
second-degree burglary conviction did not constitute an
aggravated felony under § 1101(a)(43) after the Ninth Circuit's
decision in *Ye v. INS*, 214 F.3d 1128 (9th Cir. 2000).  The
district court denied the defendant's motion to dismiss.  The
Ninth Circuit reversed the defendant's conviction and sentence on
the following grounds:

> In *Ye v. INS*, 214 F.3d 1128, 1134 (9th Cir. 2000),
> we held that California Penal Code section 459
> does not qualify as an aggravated felony.  The
> government's argument that we should not apply our
> decision in *Ye* to Cervantes-Gonzales because the
> case was decided several years after Cervantes-
> Gonzales's deportation proceeding is unavailing
> and contrary to our precedent.  *See United States
> v. Camacho-Lopez*, 450 F.3d 928, 929-30 (9th Cir.
> 2006)(applying a subsequent decision during
> collateral review of the underlying deportation
> proceeding following a § 1326 conviction); *cf.
> United States v. Palaces-Gala*, 359 F.3d 1088 (9th
> Cir. 2004)(determining in the first instance
> whether violation constituted an aggravated felony
> for § 1326 conviction).  Because *Ye*'s substantive
> interpretation that California Penal Code section
> 459 did not constitute an aggravated felony in
> 2000 applied to Cervantes-Gonzales's 1998
> deportation proceedings, the "IJ erroneously
> advised [Cervantes-Gonzales] that he was
> ineligible for discretionary relief when the IJ
> ... characterized [his] conviction as an
> aggravated felony."  *See id.*  Consequently,

> Cervantes-Gonzales's waiver of his right to appeal
> the deportation order was not considered and
> intelligent, and was therefore invalid.  The
> exhaustion and deprivation requirements in
> § 1326(d) are therefore satisfied.  *See*
> *Ortiz-Lopez*, 385 F.3d at 1204.

*Id.* at 280 (emphasis added).

Based on *Ubaldo-Figueroa*, *Morales-Izquierdo*, *Ye*, and *Cervantes-Gonzales,* the Court concludes the fact that the Ninth Circuit reinterpreted aggravated felony in such a way as to exclude Rape in the Third Degree five years after Defendant's deportation is sufficient to establish that the defendant had a "plausible basis" to challenge his deportation in 2003.  The Court finds it is plausible that the Ninth Circuit could have reinterpreted the term aggravated felony to exclude Rape in the Third Degree in 2003 as it did in *Estrada-Espinoza* in 2008.

As noted, the government concedes Rape in the Third Degree would not qualify as an aggravated felony under the definition of aggravated felony in § 1101(a)(43) as set out in *Estrada-Espinoza*.  The Court, therefore, concludes Defendant's underlying deportation proceeding violated his right to due process and that Defendant was prejudiced by that violation. Accordingly, the Court concludes Defendant's conviction for Rape in the Third Degree and his 2003 deportation may not form the basis for an illegal re-entry charge under § 1326.  On this basis, the Court grants Defendant's Motion to Dismiss as to count one for Illegal Reentry by Deported Alien in violation of 8

U.S.C. § 1326(a) of the Indictment.

**II.  Counts two and three of the Indictment for misdemeanor Illegal Entry by Eluding Examination and Inspection in violation of 8 U.S.C. § 1325(a) and felony Illegal Entry by Eluding Examination and Inspection in violation of 8 U.S.C. § 1325(a)**

In its Response to Defendant's Motion, the government concedes Defendant's Motion to the extent that he seeks dismissal of counts two and three of the Indictment.  Accordingly, the Court grants Defendant's Motion to Dismiss as to counts two and three of the Indictment.

<u>**CONCLUSION**</u>

For these reasons, the Court **GRANTS** Defendant's Motion (#27) to Dismiss Indictment.

IT IS SO ORDERED.

DATED this 18th day of November, 2010.

_____
ANNA J. BROWN
United States District

17 - OPINION AND ORDER